FILED
JAMES BONINI
CLERK

2006 JAN 25 ı P 3: 11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EASTERN DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

---

MAN NIN SHING COMPANY LIMITED,

Plaintiff,

v.

KING PRODUCTS, INC., DAVID
TULLER, R&L CARRIERS, INC. and
JOHN DOES I-III

Defendants.

CIVIL ACTION NO. C 2 . 0 6    0 0 6 3

COMPLAINT

JUDGE FROST

MAGISTRATE JUDGE KEMP

---

Plaintiff, MAN NIN SHING COMPANY LIMITED, (hereinafter referred to as "MNS"), by and through its attorneys, Mueller and Smith and Galgano & Burke, LLP complaining of Defendants, KING PRODUCTS, INC. (hereinafter referred to as "KING"), DAVID TULLER, R&L CARRIERS, INC. ("R&L") (hereinafter collectively referred to as "DEFENDANTS"), and JOHN DOES I-III, allege as follows:

## NATURE OF THE ACTION

1.    In this action, MNS seeks declaratory, injunctive, monetary and equitable relief, compensatory and treble damages, and costs, expenses and attorneys' fees pursuant to 35 U.S.C. §281 et seq., 28 U.S.C.§§2201 and 2202.

2.     In this action, MNS seeks relief and damages under Title 35 of the United States Code for infringement of United States Design Patent No. D473,145S ("the '145 patent") and United States Design Patent No. D475,930S ("the '930 patent") attached as Exhibits A and B, respectively.

## JURISDICTION

3.     This court has jurisdiction under Title 35 of the United States Code, §§271, 281 and 289, and 28 U.S.C. §§1331 (federal question jurisdiction), and 1338(a) and (b).

4.     Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§2201, 2202 and 35 U.S.C. §283.

5.     Damages are sought pursuant to 35 U.S.C. §§281, 284 and 289.

6.     Costs and attorney's fees are sought pursuant to 35 U.S.C. §285, and Rule 54 of the Federal Rules of Civil Procedure.

## VENUE

7.     Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1400(b) in that, on information and belief, each of the named DEFENDANTS have

committed the tortious acts recited below within this judicial district and/or reside in this district, subjecting them to personal jurisdiction in this district.

## PARTIES

8.      Plaintiff, MAN NIN SHING COMPANY LIMITED, is a Hong Kong limited liability company having a principal office and place of business located at Unit C, 2/F Leroy Plaza, 15 Cheung Shun Street, Cheung Sha Wan, Kowloon, Hong Kong.

9.      Upon information and belief, Defendant, KING PRODUCTS, INC. is an Ohio corporation with a place of business located at 2200 Dividend Drive, Columbus, Ohio 43228.

10.     Upon information and belief, Defendant, R&L CARRIERS, INC. is an Ohio corporation with a place of business located at 600 Gillam Road, Wilmington, Ohio 45177.

11.     Upon information and belief, individual defendant DAVID TULLER is and/or was during time periods relevant to this action, a resident of the state of Ohio having a residence at 1160 Circle on the Green, Columbus, Ohio 43235.

12.     Upon information and belief, JOHN DOES I-III have and/or had authority and control over the infringing products distributed by KING and/or R&L.

-3-

## COUNT I

## PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D473,145S

13.    MNS realleges and incorporates herein paragraphs 1-12 of this Complaint.

14.    MNS is the exclusive owner of United States Design Patent No. D473,145S issued on April 15, 2003, entitled "CLOCK WITH PHOTO FRAME" (Exhibit A).

15.    The '145 patent is valid and subsisting.

16.    MNS sells its patented CLOCK WITH PHOTO FRAME (hereinafter referred to as the "MNS PRODUCT") in the United States to retail stores and in the premium promotion market.

17.    The globe of the MNS PRODUCT is rotatable on the arch support to selectively or alternately display the clock face or a photo placed within the globe on a surface opposite the clock face.

18.    The premium promotion market supplies products to end users who typically give the products away as a form of advertising or as awards to

-4-

employees. Most typically, the end user's name or logo is imprinted upon the promotional item by the manufacturer or the "supplier".

19.    In the premium promotion market in the United States, suppliers source products from manufacturers or trading companies. The "suppliers" then sell products to "distributors" who, in turn, sell the promotional items to end users.

20.    On information and belief, on or about mid June, 2004, individual defendant DAVID TULLER was a senior sales executive at KING.

21.    On or about June 15, 2004, KING contacted MNS and requested a quote for 50,000 pieces of the MNS PRODUCT.

22.    On June 15, 2004, MNS responded to KING's inquiry advising KING that MNS does not provide quotes to distributors and offered to refer KING's inquiry to a U.S. supplier. At that time, MNS put KING on notice of MNS's '145 patent.

23.    From mid-June through mid-July 2004, in a persistent and aggressive string of correspondence, KING attempted to pressure and cajole MNS into selling 50,000 pieces of the MNS PRODUCT directly to KING.

24.    On July 15, 2004, MNS again informed of KING of the '145 patent, informed KING of the '930 patent and requested that KING stop pursuing this patented product any further.

25. Individual defendant Tuller was integrally involved in the discussions between KING and MNS.

26. On information and belief, KING made or had made at least 50,000 infringing copies of MNS's patented clock with photo frame independently of MNS and without MNS's permission.

27. On information and belief, KING sold at least 50,000 of the infringing clocks with photo frame to R & L

28. Upon information and belief, R & L has distributed and/or continues to distribute clocks which infringe one or more of MNS's above-referenced patents throughout the United States.

29. Color copies of photographs of the products distributed by R & L in the United States are attached as Exhibit C.

30. Upon information and belief, Defendants, subsequent to the issuance of the aforementioned '145 patent, infringed and/or continue to infringe the '145 patent in this District and elsewhere throughout the United States by manufacturing, selling, marketing, importing and/or distributing a clock with photo frame which is within the scope of the '145 patent.

31. Upon information and belief, Defendants' infringement of the '145 patent is and was willful, wanton and deliberate, and with full knowledge of the aforesaid facts.

32. Defendants' willful infringement of the '145 patent by manufacturing, selling, marketing, importing, and/or distributing its infringing clocks with photo frame has been without the consent or license of MNS.

33. In all likelihood, Defendants will continue and will expand such acts of infringement, to the irreparable harm of MNS, unless permanently enjoined from doing so by this Court during the unexpired term of the '145 patent.

34. MNS has no adequate remedy at law.

## COUNT II

## PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D475,930 S

35. MNS realleges and incorporates herein paragraphs 1-34 of this Complaint.

36. MNS is the exclusive owner of United States Design Patent No. D475,930 S issued June 17, 2003, entitled "MAGNIFYING GLOBE CLOCK", (Exhibit B).

37. The '930 patent is valid and subsisting.

-7-

38.    Upon information and belief, Defendants, subsequent to the issuance of the aforementioned '930 patent, infringed and continue to infringe the '930 patent in this District and elsewhere throughout the United States by manufacturing, selling, marketing, importing  and/or distributing a clock with photo frame which is within the scope of the '930 patent.

39.    Upon information and belief, Defendants' infringement of the '930 patent is willful, wanton and deliberate, and with full knowledge of the aforesaid facts.

40.    Defendants' willful infringement of the '930 patent by manufacturing, selling, marketing, importing, and/or distributing its infringing clocks with photo frame has been without the consent or license of MNS.

41.    In all likelihood, Defendants will continue and will expand such acts of infringement, to the irreparable harm of MNS, unless permanently enjoined from doing so by this Court during the unexpired term of the '930 patent.

42.    MNS has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE**, MNS prays for judgment against KING, DAVID TULLER and R & L and JOHN DOES I through III as follows:

A.   A judgment that Defendants and JOHN DOES I-III have willfully and intentionally infringed MNS's '145 patent and '930 patent.

B.   A preliminary and permanent injunction pursuant to 35 U.S.C. §283 restraining KING and R & L, their officers, directors, principals, agents, servants, employees, attorneys, successors and assigns, DAVID TULLER and JOHN DOES I-III, and all those acting in concert, combination or participation with any of them either directly, indirectly, singularly or together, from inter alia, manufacturing, using, selling, marketing, importing, and/or distributing any infringing embodiment of the '145 patent and the '930 patent.

C.   A preliminary and permanent injunction pursuant to 35 U.S.C. §283 restraining KING, and R & L, their officers, directors, principals, agents, servants, employees, attorneys, successors and assigns, DAVID TULLER and JOHN DOES I-III and all those acting in concert, combination or participation with any of them either directly, indirectly, singularly or together, from committing further infringement of MNS's '145 patent and '930 patent.

D.    An Order requiring the destruction of all items which infringe the '145 patent and/or the '930 patent together with the destruction of all sales, marketing or promotional materials used for the distribution and/or sale of said infringing items which are in KING's, R & L's, DAVID TULLER's and/or JOHN DOES' I-III possession or control together with the forfeiture of all apparatus used for the manufacture of said infringing item which are in KING's, R & L's, DAVID TULLER's and/or JOHN DOES' I-III possession or control.

E.    An accounting for damages against KING, R & L, DAVID TULLER, and JOHN DOES I-III on each count set forth herein including, but not limited to, a full accounting of KING's, R & L, DAVID TULLER's and/or JOHN DOES' I-III commercial sales pursuant to 35 U.S.C. §284.

F.    That MNS be awarded damages adequate to compensate for KING's, R & L's, DAVID TULLER's and JOHN DOES' I-III infringement of the '145 patent, including MNS's lost profits.

E.  An accounting for damages against KING, R & L, DAVID
TULLER, and JOHN DOES I-III on each count set forth herein
including, but not limited to, a full accounting of KING's, R &
L, DAVID TULLER's and/or JOHN DOES' I-III commercial
sales pursuant to 35 U.S.C. §284.

F.  That MNS be awarded damages adequate to compensate for
KING's, R & L's, DAVID TULLER's and JOHN DOES' I-III
infringement of the '145 patent, including MNS's lost profits.

G.  That the Court treble the aforesaid damages sustained by MNS
(as stated in paragraphs 'E' and 'F' above) by reason of said
acts of willful patent infringement complained of herein.

H.  That MNS be awarded its attorney's fees pursuant to 35 U.S.C.
§285.

I.  That MNS be awarded its costs and prejudgment interest.

11

J.     That MNS be awarded such other and further relief as the Court

deems just and proper.

Respectfully submitted,

Galgano & Burke, LLP

Date:  January 25, 2006          By:  _s/  Daniel P. Burke___

Daniel P. Burke (DB 1416)
Trial Attorney
e-mail address: dpburke@rcn.com
Thomas M. Galgano, (TG 4621)
Georgia Damoulakis , (GD 7237)

Galgano & Burke, LLP
300 Rabro Dr., Suite 135
Hauppauge, NY  11788
Telephone 631-582-6161
Facsimile 631-582-6191

Date:  January 25, 2006          By:  _s/ Jerry K. Mueller, Jr._

Jerry K. Mueller, Jr. (0005094)
email:  smueller@muellersmith.com
John J. Okuley, Esq. (0076748)
Email: jokuley@muellersmith.com
Diane E. Burke  (0070043)
Email:  dburke@muellersmith.com

Mueller and Smith, LPA
Mueller-Smith Building
7700 Rivers Edge Drive
Columbus, OH 43235-1355
Telephone  614-436-0600
Facsimile  614-426-0057

Attorneys for Plaintiff MAN NIN SHING COMPANY, LIMITED